IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., | * |
| A minor, by his mother | * |
| and next friend, | * |
| **BERNICE RICHARDSON** | * |
| 2910 Naylor Rd, S.E., Apt. #163A | * |
| Washington, D.C. 20020 | * |
| | * |
| and | * |
| | * **Civil Action No:** |
| **BERNICE RICHARDSON** | * |
| 2910 Naylor Rd, S.E., Apt. #163A | * |
| Washington, D.C. 20020 | * |
| Plaintiffs | * |
| | * |
| v. | * |
| | * |
| **GOV. OF DISTRICT OF COLUMBIA** | * |
| A municipal corporation, | * |
| 1350 Pennsylvania Ave., N.W. | * |
| Washington, D.C. 20004 | * |
| | * |
| Serve on: | * |
| Attorney General of D.C. | * |
| Attn: Janet Stokes or Darlene Fields | * |
| One Judiciary Square | * |
| 441 4th Street, N.W., Suite 600 | * |
| Washington, D.C. 20001 | * |
| | * |
| and | * |
| | * |
| Mayor Adrian Fenty | * |
| Office of the Secretary | * |
| Attn: Gladys Herring or Designee | * |
| 1350 Pennsylvania Avenue, Ste. 419 | * |
| Washington, DC 20004 | * |

|  |  |
|---|---|
|  | * |
| **GOV. OF DISTRICT OF COLUMBIA** | * |
| Mayor Adrian Fenty | * |
| District of Columbia Public Schools | * |
| 825 North Capitol Street, NE | * |
| Washington, D.C. 20002 | * |
| Defendants(s) | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. D.A. is a ten-year old child with a disability in the custody of Bernice Richardson, in the District of Columbia, and has been determined eligible as Other Health Impaired (OHI) by DCPS pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3. The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4. Mayor Adrian Fenty controls the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are respected.

## **FACTS**

5.  D.A. is a 10-year old student who has been determined to need special education by DCPS and his IEP calls for 27 hours of special education services per week, with 25 hours for specialized instruction, 1.5 hrs. for speech / language therapy, and 0.5 hrs for occupational therapy.

6.  D.A. currently attends Orr Elementary School. He has been accepted to High Road, but enrollment is dependent upon a Notice of Placement or a Hearing Officer's Determination from DCPS.

7.  On 10/18/04, DCPS completed a psycho-educational evaluation. This evaluation indicated that D.A. is functioning with low-average intellectual skills, with well below average verbal IQ, reading and math skills. It also demonstrated distinctive weaknesses with his short-term memory and reasoning skills and underdeveloped social skills. It further recognized his below average attention span, stating that his inability to maintain focus and weak mental processing abilities are impacting D.A.'s ability to perform academically. The evaluation found that "academic achievement is functioning way below expected performance level within the pre-school range. Duane will require a highly structured program with additional services and accommodations in the classroom to address his severe deficits with attention and concentration. Additional evaluation is recommended to rule out an Attention Deficit Disorder as well as peculiar behaviors more typically associated with children exhibiting features within the autism spectrum."

8.  An occupational therapy evaluation was performed on 03/01/04 and a social history exam was performed on 11/15/04. DCPS has not provided or funded any additional evaluations of D.A. since the 11/15/04 social history evaluation was completed, either as part of his triennial evaluations or as an assessment of his disability classification.

9.  On 04/19/04, DCPS agreed to complete an updated psycho-educaitonal evaluation and a

3

clinical psychological. Pursuant to 34 CFR §300.304(c)(4), "each public agency must ensure that the child is assessed in all areas related to the suspected disability . . . " However, DCPS did not complete the needed evaluations so as to determine appropriate disability classifications. In fact his DCPS completed 05/03 psycho educational re-evaluation recommended that D.A. see a clinical psychologist to determine his unusual behaviors. However, that was not done.

10. According to 34 CFR §300.346(a)(ii)(b), in developing and revising a student's IEP, the most recent evaluations of a child must be reviewed in the IEP team's determination as to what special education and related services are appropriate for the student's IEP. In the present case, DCPS has not completed or funded the student's evaluations for several years. Even assuming that an MDT meeting could be convened for the student, any IEP that would be developed from such a meeting would ultimately not provide D.A. with appropriate services as the IEP team would not have up to date, current evaluations which to consider in creating his educational plan.

11. DCPS has not updated D.A.'s triennials or provide for any new evaluations past 2004. Reevaluations should "be conducted in a 'reasonable period of time,' or 'without undue delay,' as determined in each individual case." Herbin ex rel. Herbin v. D.C., 362 F.Supp.2d 254 (D.D.C., 2005). Updated evaluations were necessary in order for D.A. to properly be receiving all of his necessary special education and related services, especially as D.A. has presented behavior indicative of a student with autism spectrum disorder and of ADHD.

12. The student's previous student progress reports and IEPs demonstrate his severe difficulties and the necessity for services. Progress reports from as far back as 2004 demonstrate that D.A. has an extremely difficult time staying on focus, shows little interest in academic activities and has little retention of information, all problems that have been consistent and are still prevalent today. In his 04/12/05 IEP, it was noted that D.A.'s academic progress is only evident in a small group setting, where even then he often must be reminded by the teacher to stay on focus. It was noted that he cannot work independently, and that without a small class setting,

he will regress academically. A recommendation was made that he be placed in a small academic setting, closed-space, with a low student-teacher ratio; however, D.A. is currently still enrolled in a open-space, general education classroom where he is not receiving all of his required services and is still functioning at a significantly below grade level.

13. Pursuant to 34 C.F.R. §300.550(b)(2), a child with a disability should be removed from a general education classroom "if the nature or severity of the disability is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." Though previous evaluations have demonstrated that D.A. can only progress in a small-group setting, DCPS continues to maintain him in a large, general-education setting, rather than a small group, fulltime special education program, which would be the least restrictive environment. Furthermore, pursuant to 34 C.F.R. §300.552(a)(1), the parent must be involved in the student's placement decision; however, D.A.'s parent has not been afforded an opportunity by DCPS to participate in a placement meeting for her child.

14. As a result of all the above violations and denials of appropriate services, the parent through counsel filed a due process complaint on 01/02/07. This complaint alleged that DCPS failed to update D.A.'s triennials, failed to evaluate him in all areas of his suspected disability, failed to evaluate D.A. as recommended by the MDT team and agreed to by DCPS on 04/19/04, failed to provide D.A. with an appropriate IEP and otherwise provide D.A. appropriate special education and related services, failed to provide D.A. with ESY and transportation in summer 05 though DCPS was aware that the student required ESY and transportation to his placement, failed to provide D.A. with an appropriate placement, failed to provide educational records and encounter tracker forms, and failed to provide compensatory education for D.A for the past 2 to 3 years.

15. On 03/05/07, a hearing was convened and for the hearing, the parent through counsel disclosed as evidence to include but not limited to the due process complaint, D.A.'s 05/08/06

IEP and meeting notes, the 04/12/05 IEP and meeting notes including addendum for ESY services, 2005 teacher input on his progress reports in which the teacher stated "I have discussed with his mom and his special education teacher that Orr is not the appropriate setting for [D.A.]. [D.A.] needs either a dedicated aid or he needs to be placed in a small class setting of 5-8 children with a teacher and a teacher assistant," the student's report card and Stanford Nines, 2004 and 2003 IEPs, and 01/18/07 acceptance letter from High Road Academy.

16. During the hearing, parent's counsel argued that DCPS failed to conduct the student's triennial evaluations or evaluate him in all areas of his suspected disability. In particular, the student has a high degree of difficulty staying focused on his work, and has demonstrated behavior which indicates that he potentially suffers from autism spectrum disorder. Counsel argued that DCPS agreed at an MDT meeting that several evaluations for D.A. were necessary, but had failed to complete them or fund independent evaluations. Parent's counsel further argued that DCPS did not conduct a psychiatric evaluation to rule out ADHD or a clinical evaluation to assess the student's behavior and emotional issues.

17. The parent testified at the hearing stating that D.A. had not made academic progress at Orr ES, as he was significantly below grade level in both reading and math. The parent additionally asserted that D.A.'s problems were more indicative of his severely low attention capabilities, as he has a great difficulty staying focused and attuned to his work. She further maintained that the large, open-space setting of Orr ES contributed to D.A.'s difficulties, as he requires one-on-one interaction with a teacher if he is to remain on task.

18. During the said hearing, DCPS did no produce any documentation to show that DCPS had provided the student with updated evaluations or provided any documentation to show any progress. Furthermore, while the SEC at Orr ES did claim that D.A. has been making some academic progress, he asserted that D.A. was significantly below grade level, in particular three grades behind in reading.

6

19.     On 03/19/07, the hearing officer issued an HOD in which he dismissed the claim against DCPS, even though DCPS had not provided D.A. with updated triennial evaluations or developed a current, appropriate IEP for D.A. which would provide him with the appropriate special education and related services needed to address his disability

20.     In the 03/19/07 HOD, the hearing officer made erroneous findings of fact and conclusions of law.  The hearing officer determined that, based upon the student's MDT / IEP meeting notes and the testimony of the SEC, the student was making academic progress and thus was receiving "some educational benefit" from DCPS.  The standard set forth in Board of Education of Hendrick Hudson Central Sch. District Bd., of Ed.. Westchester County v. Rowley, 458 U.S. 176, 102, S.Ct. 3034 73 L.Ed.2d 690 (1982) requires that the state educational agency provide an educational plan that will "confer some educational benefit upon the handicapped child." Id. at 200.  However, it was erroneous for the hearing officer to merely look at the so-called progress that D.A. made and determine that DCPS had done all that was required of it.  The standard in Rowley has been subsequently expanded, to hold that IDEA, and thus the IEP, requires more than just "a mere modicum or de minimis; rather, an IEP must be 'likely to produce progress, not regression or trivial educational advancement.'" Cypress-Fairbanks Ind. School Dist. V. Michael F. by Barry F., 118 F.3d 245, 248 (C.A.5 (Tex.), 1997), quoting Board of Educ. of East Windsor Regional Sch. Dist. V. Diamond, 808 F.2d 987, 991 (3rd Cir. 1986).  In light of this requirement that the educational agency must provide more than a de minimis benefit to the disabled child, it is clear that the hearing officer was in error in ruling that DCPS had not denied D.A. FAPE.  D.A.'s mother testified that he still has severe difficulties maintaining focus and that has not been receiving pull-out services or been making sufficient progress, especially in the open-space classroom setting of Orr E.S.  Furthermore, the SEC at Orr E.S. stated that D.A. was making progress, while in the same hearing admitting that D.A. was still at least three grade levels behind academically.  The hearing officer should have determined that based upon the facts, D.A.'s

academic advancement has been merely trivial, that the educational benefit provided by DCPS has been inappropriate to meet D.A.'s needs, and that a denial of FAPE had occurred.

21.    Furthermore, the hearing officer stated that even if DCPS failed to conduct the student's evaluations or evaluate him in all areas of his suspected disability, this itself would merely represent "procedural inadequacies."  Procedural inadequacies that "result in the loss of educational opportunity" and cause a "deprivation of educational benefits", however, are clear denials of FAPE.  A.I. ex rel. Iapalucci v. D.C., 402 F.Supp.2d 152, 164 (D.D.C., 2005). Moreover, courts have addressed this issue of procedural violations, and held that noncompliance with the regulations of the IDEIA are denials of FAPE.  For example, the court in Hall v. Vance County Bd. Of Educ., 774 F.2d 629, 635 (4th Cir. 1985), held that "failures to meet the Act's procedural requirements are adequate grounds by themselves for holding that a school failed to provide…..FAPE."  Additionally, "procedural noncompliance can by itself support a finding that a child has not been provided with FAPE."  Hudson v. Wilson, 828 F.2d 1059 (4th Cir. 1987).  In the case of D.A. it was erroneous of the hearing officer to conclude that DCPS' failure to fully evaluate him, both with regard to his triennials as well as assessing him in all areas of his suspected disability, comes to anything less than a denial of FAPE.

22.    As the record shows, D.A. still has extremely low attention capabilities, and as DCPS admitted at the hearing, he is still functioning significantly below grade level, both demonstrative of D.A. being deprived of appropriate educational benefits.  He continues to be placed in an open-space, general education classroom even though such an environment hinders his academic progress.  Updated evaluations which would have assessed D.A. in all areas of his suspected disability, in this case the autism spectrum disorder of ADHD, would have provided an MDT / IEP team with the necessary basis to develop an educational plan for D.A. to address his educational requirements.  As DCPS has not provided D.A. with updated evaluations, D.A. is still operating under an inappropriate plan, and as such is being deprived of the services that he

requires in order to progress academically. Thus, DCPS' failure to evaluate D.A. is more than a "procedural inadequacy," it is a clear denial of FAPE.

## COUNT I

23. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

25. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26. Defendants violated IDEIA and denied Plaintiff a FAPE when they failed to evaluate him in all areas of suspected disability.

## COUNT III

27. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28. Defendants violated IDEIA by not completing appropriate evaluations of the student.

## COUNT IV

29. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

30. Defendants violated IDEIA by not providing the encounter tracker forms to show that D.A. was receiving his related services.

## COUNT V

31. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

32. Defendants violated IDEIA by failing to provide compensatory education for the denial of FAPE for the 2004-05SY, the 2005-06SY and 2006-07SY.

## COUNT VI

33. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

34. Defendants violated IDEIA by not providing D.A. with appropriate special education and related services and all his related services.

### COUNT VII

35. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

36. Defendants violated the IDEIA by not providing D.A. with an appropriate placement or affording the parent an opportunity to participate in a placement meeting.

### COUNT VIII

37. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

38. The hearing officer erred in his decision to dismiss the case against DCPS without taking into consideration the fact that DCPS is responsible for providing D.A. with a FAPE or that DCPS did not provide any documentary evidence of the so-called progress.

### COUNT IX

39. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

40. The hearing officer erred in his decision to dismiss the case against DCPS without proof of provision of a FAPE to the student.

41. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

42. The hearing officer erred in his decision to dismiss because he only focused on one of the issues enumerated in the parent's complaint.

43. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

44. The hearing officer erred in his decision to dismiss because he did not address the issues of whether DCPS provided the student with an appropriate placement, appropriate special education and related services, appropriate IEP, whether DCPS provided him with ESY services with transportation, whether they provided the parent with the student's records and whether they failed to implement his IEP.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for Plaintiffs and against defendants on all aforementioned counts;

2. Issue an order for DCPS to fund the following independent evaluations: a comprehensive psychological (clinical); a neuropsychological; a psycho-educational; an occupational therapy; and a speech/language.

3. Issue an order that Orr is not an appropriate placement for the student;

4. Issue an order that the IEP is inappropriate and is not being appropriately implemented and that DCPS did not provide the parent with her son's documents;

5. Issue an order that DCPS, upon receipt of the evaluations, convene a meeting within 15 days to review the evaluations, and review and revise the IEP;

6. Issue an order that DCPS denied him a FAPE by failing to provide him with all his related services;

7. Issue an order awarding compensatory education to the Plaintiff against DCPS;

8. Order that the March 19, 2007 Hearing Officer's Determination be reversed, finding denial of a free, appropriate, public education by DCPS;

9. Issue an order finding that the hearing officer failed to consider all the plaintiffs' issues and as a result denied the parent and student their due process rights;

10. Award Plaintiffs attorneys' fees and the costs of this action and of those relating to the due process hearing; and

10. Award any other and further relief the Court deems just and proper.

    Respectfully submitted,
    THE IWEANOGES' FIRM P.C.


By:_____
    Jude C. Iweanoge, Bar #493241
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, D.C. 20017
    Phone: (202) 347-7026
    Fax: (202) 347-7108
    Email: jci@iweanogesfirm.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
D.A. ET AL

1104

**DEFENDANTS** Gov.
DISTRICT OF COLUMBIA, ~~ET~~ AL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JUDE C. IWEANOGE
THE IWEANOGES' FIRM, P.C.
1026 MONROE STREET, NE
WASHINGTON, DC 20017

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01084
Assigned To : Friedman, Paul L.
Assign. Date : 6/18/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
IDEIA 20 USC SECTION 1400 ET SEQ., REVIEW OF HOD, FAILURE TO PROVIDE FAPE AND VIOLATION OF IDEIA

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 06/17/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.