UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| D.A., ) | |
| A minor by his mother and next friend | |
| BERNICE RICHARDSON, <u>et al.</u>, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-1084 (PLF) |
| ) | (JMF) |
| DISTRICT OF COLUMBIA, <u>et al</u>., ) | |
| ) | |
| Defendants. ) | |

---

## DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT

The Defendants, by counsel, hereby move, pursuant to Fed. P. Civ. R. 12(b)(6), for partial dismissal of Plaintiffs' Complaint, for their failure to state a claim against Defendants for which relief may be granted.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov

August 24, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

D.A.,                                                                )
A minor by his mother and next friend
BERNICE RICHARDSON, <u>et al.</u>,                   )

    Plaintiffs,                                         )

       v.                                                   )        Civil Action No. 07-1084 (PLF)
                                                                (JMF)
DISTRICT OF COLUMBIA,                         )

    Defendant.                                        )
_____


**<u>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL</u>**

**<u>Preliminary Statement.</u>**

On June 18, 2007, plaintiffs filed the instant lawsuit against the District of Columbia claiming jurisdiction *inter alia,* pursuant to 42 U.S.C. Section 1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C Section 794, and the Individuals with Disabilities Education Improvement Act of 2004, Section 1415 <u>et seq.</u> ("IDEIA"). (Complaint par. 1)

Plaintiffs allege that defendant failed to properly evaluate the minor plaintiff, a student at Orr Elementary School, failed to provide the student with appropriate special education and related services, failed to provide encounter tracker forms to show that the student was receiving related services, failed to provide the student with compensatory education, and failed to provide the student with an appropriate school placement. (Complaint paragraphs 28, 30, 32, 34, 36). Plaintiffs filed an administrative due process

3

hearing request, but were denied the requested relief by a hearing officer ("HO"), in a decision dated March 19, 2007. In his decision the HO found that "the student was making academic progress" and was receiving "some educational benefit from DCPS." (Complaint at par. 20) Plaintiffs are appealing that decision.

As shown below, however, plaintiffs' complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

## ARGUMENT

### I. Standard of Review for Dismissal of Claims Pursuant to Fed. R. Civ. P. 12(b)(6)

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See* Scheuer v. Rhodes, 416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957) and citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

II. **To the Extent the Complaint Asserts Rights under Section 1983, Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted**.

Plaintiffs' assertion of jurisdiction under 42 U.S.C. Sec.1983, and Plaintiffs' seeming claims for relief under that statute, are plainly in error. 42 U.S.C. Sec.1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. *See* e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, Section 1983 cannot apply here because the Complaint is facially deficient to state a claim under Section 1983. In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEIA violation:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted).

*See also* Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003);

R.S. v. District of Columbia, 292 F. Supp. 2d 23 (D.D.C. 2003). Plaintiffs' Complaint contains no allegations of any "exceptional circumstances," or of any District of Columbia "custom or practice" behind any of the alleged IDEIA violations, or any reason why the "normal remedies" under the IDEIA would be inadequate.

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Jackson v. District of Columbia, *supra*, slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. See also Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006.) (slip op. at 10).

Other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

### III.  **Plaintiffs do not Have a Claim Under Section 504 of the Rehabilitation Act**

To state a claim under Section 504 of the Rehabilitation Act, plaintiffs must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. Section 794. *See also* Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)). To show such a violation of the Rehabilitation Act in the context of IDEIA, Plaintiffs must demonstrate "something more than a mere failure to provide the

6

"free and appropriate education" required by IDEIA.  <u>Lunceford v. District of Columbia Board of Ed.</u>, 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting <u>Monahan v. Nebraska</u>, 687 F.2d at 1170-71 (8th Cir. 1982)).  Hence, plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" <u>Monahan</u>, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504.  Accordingly, plaintiffs' failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must results in its dismissal.  *See*, <u>Lavon Savoy-Kelly v.</u> <u>Eastern High School</u>, *supra*, slip op. at 10.

## CONCLUSION

Plaintiffs' claims seeking relief pursuant to 42 U.S.C. Sections 1983 and Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 701 et seq., must be dismissed because plaintiffs have failed to make allegations sufficient to establish a *prima facie* case.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

<u>/s/ Edward P. Taptich</u>
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

7

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov

August 24, 2007