UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., <br> A minor by his mother and next friend <br> BERNICE RICHARDSON, <u>et al.</u>, <br><br>     Plaintiffs, <br><br>        v. <br><br> DISTRICT OF COLUMBIA, <u>et al</u>., <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 07-1084 (PLF) <br>        (JMF) <br> ) <br> ) |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT

Come now defendants, by counsel, and reply to plaintiff's Opposition to Defendants' Motion for Partial Dismissal of plaintiffs' Complaint.  While plaintiffs state that defendants' Motion contended that plaintiffs' claim is barred by the applicable statute of limitations, this is not correct.  (Opposition at 2)  Defendants moved for partial dismissal on the grounds that plaintiffs' Complaint failed to state a claim under either 42 U.S.C. Sec. 1983 or 29 U.S.C. Sec. 794 (Section 504 of the Rehabilitation Act).

Plaintiffs' Complaint is nothing more than an appeal of an administrative hearing officer's decision ("HOD") issued pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Section 1415 <u>et seq.</u> ("IDEIA").  As explained fully in defendants' Motion, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. (Motion at 5-6)  Nothing in plaintiffs' Opposition contradicts

this. On the contrary, plaintiffs cite as their basis for a claim the fact that the DCPS school system failed to place the minor plaintiff in a school that could implement her Individualized Education Plan ("IEP"). (Opposition at 4)  In neither their Complaint nor Opposition do plaintiffs provide any inkling as to how any alleged violation on the part of the defendants would meet the four part test set forth in Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001).

Likewise, as fully briefed in defendants' Motion, plaintiffs' Complaint contains no allegation that the student was discriminated against solely because of any handicap. (Motion at 6-7) Even if all the facts alleged in the Complaint are true, they fail to establish more than a mere failure to provide the student with a free and appropriate public education ("FAPE"). *See* Lunceford v. District of Columbia Board of Ed., 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F.2d at 1170-71 (8th Cir. 1982)).

Accordingly, because plaintiffs have failed to make allegations sufficient to establish a *prima facie* case pursuant to 42 U.S.C. Sections 1983 and Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 701 et seq., those claims must be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz  
MARIA L. MERKOWITZ [312967]  
Senior Litigation Counsel  
441 4th Street, N.W.  
Sixth Floor South  
Washington, DC 20001  
(202) 442-9842  
E-mail – maria.merkowitz@dc.gov

September 28, 2007