UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., a minor, by his mother and next friend, BERNICE RICHARDSON,        Plaintiff,        v. DISTRICT OF COLUMBIA,        Defendant. | Civil Action No. 07-1084 (PLF)/(JMF) |

### DEFENDANT'S MOTION TO DISMISS

On June 18, 2007, Plaintiff filed a Complaint appealing a March 15, 2007 administrative Hearing Officer's Determination dismissing Plaintiff's claims that the District of Columbia Public Schools ("DCPS") violated D.A.'s right to a Free Appropriate Public Education ("FAPE") under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEIA").

On August 24, 2007, Defendant filed a Motion for Partial Dismissal of Plaintiff's Complaint ("Motion") alleging that, even though Plaintiff named 42 U.S.C. §1983 and the Rehabilitation Act § 504 in the Complaint's jurisdictional statement, she failed to state a claim under Fed. R. Civ. P. 8(a) as to those statutes. Motion, p. 2. On September 11, 2007, this Court ordered Plaintiff to show cause why Defendant's Motion should not be granted since Plaintiff had failed to oppose Defendant's Motion. On September 21, 2007, Plaintiff filed her Opposition.

On January 8, 2008, the Court accepting the Magistrate Judge's December 6, 2007, Report and Recommendation ordered that Defendant's Motion be deemed conceded.

A July 10, 2008, Order required the parties to appear on August 1, 2008, for a scheduling conference before the magistrate judge. Plaintiff failed to appear. Defendant here moves to dismiss the Complaint for failure of prosecution.

## ARGUMENT

1. **The applicable legal standard.**

Fed R. Civ. P. 41(b) provides, in relevant part:

> Involuntary Dismissal. . . .for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. . .

This court has long held that the plaintiff has a clear duty to prosecute claims diligently. Hisler v. Gallaudet University, 344 F.Supp.2d 29 (D.D.C. 2004); Richardson v. Hampton, 345 F.Supp. 600 (D.D.C. 1972); Johnson v. Wynne, 239 F.R.D. 283 (D.D.C. 2006); Maupin v. U.S. Dept. of Energy, 2005 WL 3211883 (D.D.C.); Rawhide Productions, Inc. v. JAM Corp., Inc., 1988 WL 15183 (D.D.C. 1988).

On August 1, 2008, the Magistrate Judge issued an order to show cause why the Plaintiff should not be held in contempt for failure to appear on that date. The Court must balance four criteria in deciding dismissal of a case for failure to prosecute: (1) degree of plaintiff's responsibility; (2) prejudice to defendant; (3) history of proceeding in a dilatory fashion; (4) effectiveness of sanctions other than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). In other words, to meet the standard for dismissal there are typically requirements on both sides: a lack of diligence by plaintiff

2

and a delay prejudicial to defendant.  Lebrun v. England, 212 F.Supp.2d 5, 13 (D.D.C. 2002).

When considering whether an action is prejudicial to the opposing party, the court will examine whether the defendant will have to engage in significant new preparation and/or participate in more complicated and lengthy litigation.  Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006).  In some cases, however, dismissal for failure to prosecute can be appropriate based upon one party alone when plaintiff's counsel demonstrates repeated failures to adhere to deadlines and procedures.  Ilan Gat Engineers, Ltd. V. Siegel, 1999 WL 728558 (D.C. Cir. 1999).

**2.     Plaintiff failed to obey the scheduling order and prosecute her claims.**

In this case, Plaintiff bears the burden of proof to show the Hearing Officer's Determination was wrong.  Schaffer v. Weast, 546 U.S. 49 (2005); 5 DCMR 30 § 3030.3 (July 1, 2006).  However, Plaintiff's failure to appear at the scheduling conference, together with Plaintiff's failure to have opposed Defendant's earlier Motion to Dismiss, affirmatively demonstrates Plaintiff's failure to prosecute her claims and prejudices Defendant's attempts to defend such claims.

In Cummings v. Woodson Senior High School, 2008 WL 2640256 *3 (D.D.C.), this Judge Friedman recently chastised other counsel for repeated failure, among other things, to meet prescribed deadlines:

> The history of this attorney's conduct—in this case and before other judges of this Court in similar cases—indicates that in many cases she has not provided competent or responsible representation to her clients.  She has repeatedly made the same mistakes—including missing deadlines and statutes of limitations, filing improper pleadings, naming improper defendants, failing to oppose dispositive motions, and mis-citing statutes—in numerous IDEA cases before a number of different judges of this Court.

3

Plaintiff's counsel in this case also has a history of missing deadlines.  See, e.g., J.S. v. District of Columbia, 533 F.Supp.2d 160 (D.D.C. 2008); Smith v. District of Columbia, 496 F.Supp.2d 125 (D.D.C. 2007); R.P. v. District of Columbia, 474 F.Supp.2d 152 (D.D.C. 2007) (dismissals for failure to pursue claims within the proper limitations period).  He has also been cited by this Court for careless labeling errors, B.R. ex rel. Rempson v. District of Columbia, 524 F.Supp.2d 35, 38 (D.D.C. 2007); general "artlessness," id. at 40; and "legally flawed" arguments, T.T. v. District of Columbia, 2007 WL 2111032, at *9 (D.D.C. 2007).

Further, while the Court in R.P. supra at 154 was sympathetic to the claims of a student alleging denials of FAPE, the Court dismissed the claims because they were improperly advanced by this attorney.  See also Cummings at *3, ("In this case and in others, counsel's failings have disadvantaged her clients, sometimes leading to the dismissal of her clients' cases").

Moreover, as a result of Plaintiff's failures and delays, the passage of time has given rise to a number of new facts deeming Plaintiff's requested relief irrelevant and/or moot (in this case, since the filing of the Complaint, Plaintiff has unilaterally changed schools and has a new individual education plan).  Thus, Defendant is required to prepare unnecessary pleadings like this one—wasting government resources and causing prejudice by forcing trial attorneys such as the undersigned to gather facts outside the administrative record from DCPS employees unfamiliar with this student.

## CONCLUSION

Plaintiff's failings demonstrate that she does not appear to be pursuing her claims here, and such failings have prejudiced the Defendant. Accordingly, Plaintiff's claims should be dismissed.

>                    Respectfully submitted,
>
>                    PETER J. NICKLES
>                    Acting Attorney General
>                    for the District of Columbia
>
>                    GEORGE C. VALENTINE
>                    Deputy Attorney General
>                    Civil Litigation Division
>
>                    */s/ Edward P. Taptich*
>                    EDWARD P. TAPTICH [#012914]
>                    Chief, Equity Section II
>
>                    */s/ Amy Caspari*
>                    AMY CASPARI [#488968]
>                    Assistant Attorney General
>                    441 Fourth Street, N.W.
>                    Sixth Floor South
> August 5, 2008     Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **D.A., a minor, by his mother and next friend, BERNICE RICHARDSON,** : : : : : **Plaintiff,** : : v. : **Civil Action No. 07-1084 (PLF)/(JMF)** : **DISTRICT OF COLUMBIA,** : : **Defendant.** : : | |

## ORDER

Upon consideration of the Defendant's Motion to Dismiss, it is, this _____ day of August, 2008,

**ORDERED,** that Plaintiff's complaint is dismissed with prejudice.

_____
United States District Court Judge