IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| D.A., et al | * | |
|     Plaintiffs | * | |
| | * | Civil Action No: 07-1084 (PLF) |
| v. | * | |
| | * | |
| | * | |
| DISTRICT OF COLUMBIA, et al | * | |
|     Defendants | * | |

**************************************

## PLAINTIFF'S COUNSEL RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, the undersigned respectfully responds to this Honorable Court's Order to Show Cause why Plaintiff's counsel should not be held in contempt for failure to attend scheduling conference. In response, undersigned represents the following unto this Honorable Court:

1. That on or about June 18, 2007, Plaintiffs filed a complaint pursuant to the Individual with Disabilities Education Act ("IDEA") wherein they appealed an adverse Hearing Officer Decision.

2. That on or about August 24, 2007 Defendants filed a motion for partial dismissal of Plaintiffs' complaint premised on an alleged failure to state a claim under Section 1983 and 504 of the Rehabilitation Act.

3. That on or about December 6, 2007, the Court issued a report and recommendation regarding Defendant's motion for partial dismissal.

4. That on or about January 8, 2008 the Court entered an Order adopting and approving the Report and recommendation.

5. That on January 16, 2008, Defendant filed its answer to Plaintiff's complaint.

6.    That on or about January 31, 2008, the Plaintiff's file in the instant matter was transferred to new counsel who was supposed to file a notice for substitution of counsel in the case *sub judice* and other IDEA matters pending before this Court.

7.    That undersigned has since January 31, 2008 transferred the file in the instant matter to new counsel and relied on the fact that new counsel was going to substitute his appearance because undersigned cannot file a motion to substitute his own appearance in the ECF system.

8.    That new counsel infact filed several notices for substitution of counsel shortly after the files were transferred to new counsel and undersigned counsel was under the mistaken belief that he had received a notice for substitution of counsel in this and all the other cases that have been transferred to new counsel. See Exhibit 1.

9.    That undersigned counsel did not receive any ECF filings or notice from the Court since January 2008 and reasonably believed that it was because of the substitution of counsel and that undersigned counsel has been stricken from the electronic service list.

10.    That because undersigned counsel was no longer involved in the case and had not received any notice from the Court since January on this and other matters that had been transferred to new counsel, undersigned counsel did not check the docket and did not expect that he would be summoned to attend a scheduling conference on August 1, 2008.

11.    That undersigned counsel has always appeared before this Court for scheduling conferences and has never failed to appear before this Court either personally or through stand in attorney.

12.    That infact undersigned counsel ran into counsel for Defendant on or about July 30, 2008 and during their conversation advised Defendant's counsel that undersigned is no longer

handling IDEA matters and that all files had been transferred to new counsel. Despite the fact that Defendant's counsel has no obligation to advise undersigned of his mistaken belief and of the upcoming scheduling conference, undersigned counsel would have reviewed the docket entry in this case if advised and would have contacted new counsel to file her notice for substitution of counsel and/or attend the scheduling conference if undersigned was put on notice.

13. That new counsel has now filed a notice for substitution of counsel.

14. That undersigned counsel's failure to attend the scheduling conference was neither intentional nor deliberate but inadvertence as stated above.

15. That although undersigned counsel failure to attend the scheduling conference may burden the Court by requiring it to modify its docket, undersigned counsel's conduct did not cross the line between disrespecting the Court and one that should be punished as contemptuous for prejudice to the judicial system based on the aforestated reasons

Accordingly, Plaintiffs request that this Honorable vacate its order to show cause based on the aforestated and the interest of justice.

> Respectfully submitted,
> THE IWEANOGES' FIRM P.C.
>
> By:_____/s/*JudeIweanoge/s/*_____
> Jude C. Iweanoge (493241)
> IWEANOGE LAW CENTER
> 1026 Monroe Street, NE
> Washington, D.C. 20017
> Phone: (202) 347-7026
> Fax: (202) 347-7108
> Email: jci@iweanogesfirm.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on 8th August 2008 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

                                                         _____/s/*JudeIweanoge*/s/_____
                                                           Jude C. Iweanoge