UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

**D.A., et al.,**                     *
                                      *
      **Plaintiff**          *
                                      *   Civil Action No. 07-1084(PLF/JMF)
     **v.**                       *
                                      *
**DISTRICT OF COLUMBIA, et al.,**     *
                                      *
      **Defendant**          *
_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

    On August 8, 2008, Defendant filed a motion to dismiss Plaintiff's complaint for failure to prosecute. According to defendant's motion, the fact that plaintiff's first counsel inadvertently did not appear on August 1, 2008 is the reason to dismiss the case for failure to prosecute. However, according to the Court's August 1, 2008 show cause order, the previous attorney was to show cause as to his reasons for not appearing and to show why he should not be held in contempt and plaintiff's previous attorney responded to the show cause order. However, defendant has filed a motion to dismiss for failure to prosecute instead of giving the court the opportunity to make a ruling on plaintiff's previous counsel's response to the show cause order. Therefore, the defendant's request that this Court dismiss the plaintiff's case goes extremely beyond this Court's initial show cause order and is pre-mature.

    On August 8, 2008, the undersigned counsel filed a substitution of counsel in this case. However, the undersigned counsel was not aware that the defendant had filed a motion to dismiss. On August 26, 2008, after the undersigned counsel found out about

1

the motion, the undersigned called and left a message for Defendant's counsel in the afternoon and requested an extension to file the response to the motion to dismiss. However, no response was forthcoming until August 29, 2008. Therefore, the only reason this response is late is because the undersigned counsel has just recently substituted as counsel in this case and was not aware of the August 8, 2008 Motion to Dismiss until late August 25, 2008 . The Plaintiff by and through its undersigned counsel respectfully requests that the Court deny defendant's motion to dismiss. In support thereof, the Plaintiff makes the following argument.

## **ARGUMENT**

It has long been decided that there are three reasons for the dismissal of a case due to the actions of the attorney of record. According to Shea v. Donahoe Construction Co., Inc., 795 F.2d 1071, 254 U.S.App.D.C. 175 (C.A.D.C., 1986), those reasons are as follows:

> Dismissal because the other party was prejudiced in such a way that it would not be fair to expect that party to continue forward with the case; dismissal of a case should occur because there is no other sanction that would have the effect of mitigating the hardship on the judicial system; and dismissal as a way to punish those who abuse the system.

In Shea, the court found that although the plaintiff's attorney missed three status hearings and failed to respond to the show cause order, it was unfair to the plaintiff to dismiss the case as the plaintiff did not personally ignore the court's scheduling of the status conferences. In the case at hand, the previous attorney missed the status hearing but responded to the show cause order in a timely fashion. This case at hand is not as egregious as the Shea case and yet defendant's counsel, instead of waiting for the court's decision in reference to the previous attorney's response to the show cause order, she

files a motion to dismiss.  Additionally, the cases cited by defendant's counsel do not apply to the case at hand.  If the court looks closely at the cited cases, the court will find that the dismissal of the cases defendant counsel cited to was not due to the previous counsel's actions but rather the court found that the administrative due process hearing orders were valid.  Furthermore, R.P. v. District of Columbia, 474 F.Sup.2d 152 (D.D.C. 2007) was not dismissed because of attorney misconduct but rather because the complaint was not filed within the timeline required to appeal an administrative case.  Defendant's counsel is picking out statements out of the cited cases to further her argument and leading the court to believe that the cases were dismissed due to the counsel's misconduct.  However, that is not the case.  Neither the R.P, nor this case meets the standard for dismissal as enumerated in Shea because there has not been prejudice to the defendant, prejudice to the judicial system that would lead to a dismissal and the previous counsel did not show such misconduct that would lead the court to dismiss the case as punishment.

". . . outright dismissal even where the other party has been prejudiced may not be appropriate where less drastic action is available to cure the harm." Id. at 1075, 179 Shea quotes Trakas v. Quality Brands, Inc., 759 F.2d 185, 186-87 (D.C.Cir. 1985) when it stated 'since our system favors the disposition of cases on the merits, dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success.'  In this case no alternatives have been explored and the defendants have presented no evidence of the prejudice to the defendant that would make it unfair for the defendant to continue on with this case.

3

Additionally, although the Shea attorney caused the status conference to be rescheduled three different times and ignored the order to show cause, the appellate court reversed the district courts dismissal of the case. Therefore, as in Shea, this court should deny defendant's motion to dismiss as the grounds that defendant is putting forth are not grounds for dismissal.

Defendant District of Columbia has not put forth an argument in support of dismissing the plaintiff's case. In fact although defendant, District of Columbia cited several cases, no argument was made to address how those cases apply to the case at hand. In fact, the defendant only listed cases but did not state their significance to the instant case. Therefore, since the defendant has not built a bridge between the cases cited and the case at hand, the plaintiff through counsel asks that the defendant's motion be denied. Since the defendant is making the motion the defendant has the burden to show that their motion should be granted. In this case, the defendant has not met their burden.

Defendant cited to Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006) to make the argument of a burden on the defendant. However, Djourabchi does not apply to the case at hand as Djourabchi addresses the plaintiff's motion for leave to amend his complaint. The court ruled in favor of the plaintiff because the court found that the motion should be denied only if "the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial or that the issues raised by the amendment are remote from the other issues in the case." Id. However, this is not a case about amending a complaint nor would moving forward with the case at hand present any "added expense . . ." Id. and nor would moving forward on the merits cause a "complicated and lengthy trial." Id. Therefore, according to

4

defendant's own cited case law, this case should not be dismissed because defendant has not presented any case law that directly relates to the case at hand, not in facts and not in law.

Defendant also cited to <u>Cummings v. Woodson Senior High School</u>, 2008 WL 2640256 *3 (D.D.C.). Again, defendant is citing to a case law that does not have anything to do with this current case. In <u>Cummings</u>, the court found that the plaintiff's counsel has on numerous occasions filed suit against the wrong entity, despite several different judges bringing the fact to her attention. The said counsel has cited to non-existing statutes and several other repeated errors even after the errors have been brought to her attention. This case cannot be compared to the <u>Cummings</u> case because the previous counsel has not presented such behaviors and the defendant has not presented any such evidence.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny defendant's motion to dismiss plaintiff's complaint for failure to prosecute because defendant has not shown that the plaintiff has failed to prosecute.

        Respectfully Submitted,
        Law Offices of Christopher N. Anwah,

        _____/s/*Fatmata Barrie*/s/_____
        Fatmata Barrie (DC Bar #485122)
        LAW OFFICES OF CHRISTOPHER ANWAH
        10 R Street, NE
        Washington, DC  20002
        Phone: (202) 626-0040
        Fax: (202) 626-0048
        Email: fbarrie@verizon.net
        Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **D.A, et al.,** | * |
| | * |
| **Plaintiff** | * |
| | *   Civil Action No. 07-1084(PLF/JMF) |
| v. | * |
| | * |
| **DISTRICT OF COLUMBIA, et al.,** | * |
| | * |
| **Defendant** | * |

_____

### POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION TO DISMISS

1. Fed. R. Civ. P. 6(b).

2. Fed. R. Civ. P. 12

3. The interest of justice and the record herein.

Respectfully Submitted,
Law Offices of Christopher N. Anwah


_____/s/*Fatmata Barrie*/s/_____

Fatmata Barrie (DCB#485122)
LAW OFFICES OF CHRISTOPHER N. ANWAH
10 R Street, NE
Washington, DC  20002
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: fbarrie@verizon.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **D.A., et al.,** | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Civil Action No. 07-1084(PLF/JMF)** |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al.,** | * | |
| Defendant | * | |

************************************

## ORDER

**UPON CONSIDERATION** of Defendant's Motion to Dismiss Plaintiff's complaint, it is hereby this _____ day of _____ 2008:

**ORDERED** that Defendant's Motion be and is hereby DENIED, and it is

**FURTHER ORDERED** _____

_____

_____ **SO ORDERED**


_____
JUDGE