UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.A., *et al*.<br><br>      **Plaintiffs**,<br><br>      v.<br><br>DISTRICT OF COLUMBIA, *et al*.<br><br>      **Defendants.** | Civil Action 07-1084 (PLF/JMF) |

**MEMORANDUM ORDER and REPORT AND RECOMMENDATION**

This case was referred to me for management of all pretrial matters, including issuing reports and recommendations on any dispositive motions. Currently pending before me are <u>Plaintiff's (sic) Counsel Response to Order to Show Cause</u> ("Response") [#16], <u>Defendants' Motion to Dismiss</u> [#14] ("Motion to Dismiss"), and <u>Defendant's Motion to Deem Defendant's August 8, 2008, Motion to Dismiss Conceded</u> [#18].

**I.   Order to Show Cause**

This Court set a scheduling conference for August 1, 2008. <u>See</u> Minute Order, July 10, 2008. Plaintiffs' counsel of record, Jude Iweanoge, failed to appear and was consequently "ordered to show cause in writing within ten days why he should not be held in contempt." <u>See</u> Minute Order, Aug. 1, 2008 ("Order to Show Cause").

In his Response, Mr. Iweanoge proffered that he transferred the case to new counsel within his firm on January 31, 2008, and "[t]hat new counsel infact (sic) filed several notices for (sic) substitution of counsel." Response at 2. That assertion is purportedly supported by a cite to "Exhibit 1," although no such exhibit was filed. <u>Id.</u>

He further proffered that he "did not receive any ECF filings or notice from the Court since January 2008." Id.

Mr. Iweanoge's assertions are not supported by the record. The docket does not reflect any notice of substitution (let alone "several notices," id.) having been made on behalf of the plaintiffs until August 8, 2008, after the Court had issued its Order to Show Cause. See Substitution of Appearance [#15]. Mr. Iweanoge continued to be the attorney of record and, despite his assertion to the contrary, personally received electronic notification of the scheduling conference. See Defendants' Comment on Response to Show Cause Order [#17] at Exh. 1 ("Notice has been electronically mailed to: Jude Chinedu Iweanoge jci@iweanogesfirm.com"). Indeed, the very fact that he responded to the Order to Show Cause demonstrates that he continued to receive electronic notifications.

These facts, so certified, support a finding of civil contempt. Mr. Iweanoge is therefore **ORDERED** to show cause to the district judge within 10 days why he should not be adjudged in civil contempt. See 28 U.S.C. § 636(e)(6)(B).

## II.     Motion to Dismiss

The defendant filed its Motion to Dismiss on August 8, 2008. Plaintiffs therefore had eleven (11) days, or until August 19, 2008, within which to serve and file a memorandum of points and authorities in opposition to the motion. See LCvR 7(b). This deadline would have been extended three days to August 22, 2008, if plaintiffs had filed and served their opposition electronically. See Fed. R. Civ. P. 6(d). Any opposition filed after that date would have required a motion for enlargement evidencing excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B).

The plaintiffs have failed to file an opposition to defendants' Motion to Dismiss. This failure is incredible considering that the plaintiffs have already suffered the dismissal of some of their claims as a result of a previous failure to timely file an opposition. See D.A. v. District of Columbia, No. 07-CV-1084, 2007 WL 4365452 (D.D.C. Dec. 6, 2007) (Report and Recommendation adopted on January 8, 2008, by Judge Friedman [#11]). One cannot help but observe the irony in plaintiffs' inaction: the Motion to Dismiss they failed to oppose concerns their alleged failure to prosecute their case. It is also notable that both Mr. Iweanoge and plaintiffs' new counsel, Fatmata Barrie, electronically filed documents in this case after the Motion to Dismiss was filed, and thus had every reason to observe it on the docket (in addition, Mr. Iweanoge received electronic notification and could be expected to alert his colleague, Ms. Barrie).

In light of these facts, the Court recommends that Defendant's Motion to Deem Defendant's August 8, 2008, Motion to Dismiss Conceded [#18] be granted and that the Motion to Dismiss be granted as conceded. See LCvR 7(b) (authorizing the court to grant as conceded motions that are unopposed). See also D.A., 2007 WL 4365452, at *7.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right to appeal from an order of the District Court adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985).**

Date:  August 29, 2008                    /S/
                                          JOHN M. FACCIOLA
                                          UNITED STATES MAGISTRATE JUDGE