UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|                                         |     |                                        |
|-----------------------------------------|-----|----------------------------------------|
| D.A., a minor, by his mother            | :   |                                        |
| and next friend,                        | :   |                                        |
| BERNICE RICHARDSON,                     | :   |                                        |
|                                         | :   |                                        |
|                                         | :   |                                        |
| Plaintiff,                              | :   |                                        |
|                                         | :   |                                        |
| v.                                      | :   | Civil Action No. 07-1084 (PLF)/(JMF)   |
|                                         | :   |                                        |
| DISTRICT OF COLUMBIA,                   | :   |                                        |
|                                         | :   |                                        |
| Defendant.                              | :   |                                        |
|                                         | :   |                                        |

_____

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION
OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS,
AND DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
SEPTEMBER 1, 2008 OPPOSITION**

On September 2, 2008, this Court issued a Report and Recommendation ("Report") that Defendant's August 26, 2008, Motion to Deem Defendant's Motion to Dismiss for Failure to Prosecute Conceded ("Motion to Dismiss") should be granted because, among other things, Plaintiff failed to timely Oppose Defendant's Motion to Dismiss. Notwithstanding the Report's recommendation that Defendant's dismissal motion be granted, the Defendant in light of the requirements of LCvR 7(b), herein opposes Plaintiff's August 28, 2008, Motion for Extension of Time for Plaintiff to Respond to Defendant's August 8, 2008, Motion to Dismiss ("Motion").

As shown below, Plaintiff has not demonstrated "excusable neglect," as required by Fed R. Civ. P. 6(b)(1)(B) when seeking permission to file a motion out of time. Thus, Plaintiff's Motion should be denied, the Plaintiff's unauthorized Opposition, filed on

September 1, 2008, should be stricken from the record, and this Court should further adopt the Magistrate Judge's recommendation that Defendant's Motion to Dismiss be granted.

## **BACKGROUND**

This case was filed on June 18, 2007, pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. 1400 et seq. ("IDEA"). Plaintiff requests this Court to overturn a March 19, 2007, Hearing Officer's Determination (dismissing Plaintiff's claims); to require the District of Columbia Public Schools ("DCPS") to conduct evaluations of this student and to provide compensatory education; and to award attorneys' fees and costs.

On August 24, 2007, Defendant filed a Motion for Partial Dismissal of Plaintiff's claims under 42 U.S.C. § 1983, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. On January 8, 2008, this Court granted that motion as conceded because Plaintiff failed, in her response to this Court's September 11, 2007, Order to Show Cause, to demonstrate "excusable neglect" in explaining why she had failed to file any opposition to the Defendant's motion.

On August 1, 2008, Plaintiff failed to appear for a scheduling conference ordered by this Court. Because of Plaintiff's numerous failures and delays in this case, on August 8, 2008, Defendant filed a motion to dismiss Plaintiff's complaint for failure to prosecute. When Plaintiff failed to oppose that motion, Defendant moved to deem that motion conceded on August 26, 2008.

Two days later, on August 28, 2008, Plaintiff filed the Motion at issue herein— seeking leave to late-file an opposition to Defendant's August 8 motion. Without

permission from this Court, on September 1, 2008, Plaintiff submitted to the Court an

"Opposition to Defendant's Motion to Dismiss" ("Opposition").[1]

I.    **Plaintiff Has Not Demonstrated "Excusable Neglect"--
      The Requisite Showing To Support A Grant Of Her Motion.**

Plaintiff seeks this Court's leave to allow her to late-file the Opposition.  Plaintiff

alleges her counsel was unaware of the Defendant's motion because it was filed *a few*

*hours* prior to her appearance in this case on August 8, 2008.  Motion p.1, para. 2.

Despite filing an appearance in this case a few hours after the motion to dismiss was

filed, Plaintiff's counsel should have been aware of it.

Rule 6(b)(1)(B) allows this Court to extend time "on motion made after the time

has expired if the party failed to act because of excusable neglect."  There are four factors

to be considered when determining whether a late following may constitute excusable

neglect: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and

its potential impact on judicial proceedings, (3) the reason for the delay, including

whether it was within reasonable control of the movant, and (4) whether the movant acted

in good faith."  D.A. v. District of Columbia, 2007 Westlaw 4365452 *2 (D.D.C.,

December 6, 2007), citing In re Vitamins Antitrust Class Action, 327 F. 3d 1207, 1209

(D.C. Cir. 2003).  Plaintiff has not demonstrated that the relevant factors are in her

favor—in fact, she has not even mentioned "excusable neglect" in her Motion.

Counsel's excuse—that she was unaware of the Motion because it was filed a

few hours before her appearance— is no basis for finding "excusable neglect" in this

jurisdiction.  Untimely filings may be rejected where the only triggering factor was a

---

[1] On September 2, 2008, the Magistrate Judge in this case issued a Report and Recommendation that Defendant's August 26 motion to dismiss be granted.

mistake made by counsel.  D.A. v. District of Columbia, supra, at *4.  "If a simple

mistake made by counsel were to excuse an untimely filing, 'it [would be] hard to fathom

the kind of neglect that would not be deemed excusable.'"  Id. citing Lowry v.

McDonnell Douglas Corp., 211 F. 3d 457, 464 (8th Cir. 2000).  "[I]nadvertance,

ignorance of the rules, or mistakes construing the rules do not usually constitute

'excusable neglect.'"  Id. at 3, citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.

P'ship 507 U.S. 380, 392 (1993); see also Fox v. American Airlines, 389 F. 3d 1291,

1294 (D.C.Cir. 2004) (parties are obligated "to monitor the court's docket"); Halmon v.

Jones Lang Wootton USA, 355 F. Supp. 2d 239, 244 (D.D.C. 2005)("Parties have an

obligation to monitor the court's docket and keep apprised of relevant deadlines.").

Counsel filed her appearance on August 8, 2008—fourteen days before the Opposition

was due.  Thus, Plaintiff had at least fourteen days to become familiar with the docket

and to seek an extension of time *before the expiration of time* under the rules, or to file an

opposition.

       Moreover, prior counsel for the Plaintiff has not acted in good faith.  According to

Plaintiff's August 8, 2008, response to this Court's Order to Show Cause why he did not

appear at the August 1, 2008, status conference (para. 6 and 13) ("Response"), Plaintiff's

counsel at the time (not the same counsel here) *alleges that he transferred this case on*

*January 31, 2008,* to "new counsel" who did not file an appearance, and that on August

8, 2008, "new counsel" did in fact file a "substitution of counsel."  Therefore, if true, new

counsel received this case on January 31, 2008, but for unknown reasons did not file her

appearance until August 8, 2008—raising further doubts regarding the efforts by either

counsel to prosecute this case.

The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." D.A. v. District of Columbia, supra, at 3. Here, Plaintiff's delays have prejudiced the Defendant by prolonging these proceedings. As stated in Defendant's August 8, 2008, and August 26, 2008, Motions to Dismiss, Plaintiff's failures and delays have given rise to new facts surrounding the Complaint allegations (e.g. the student has unilaterally changed schools and has a new Individualized Education Plan)—facts that have made the requested relief irrelevant and/or moot. Moreover, Defendant is required to prepare unnecessary pleadings like this one—wasting government resources and causing prejudice by forcing District trial attorneys to gather facts outside the administrative record from DCPS employees unfamiliar with this student.

Accordingly, since Defendant has demonstrated that all four factors weigh in its favor as to whether Plaintiff properly demonstrated "excusable neglect," Plaintiff's Motion should be denied. [2]

## II.    Plaintiff's September 1, 2008, Late-Filed Opposition Should Be Stricken From the Record Herein.

LCvR 7(b) requires that oppositions to motions be filed within 11 days of the motion to which it is responsive. Defendant's motion to dismiss for failure to prosecute was filed August 8, 2008, and any opposition was therefore due by August 22, 2008. LCvR 7(b); Fed.R.Civ.P. 6(d). Plaintiff's Opposition, however, was lodged with the Court on September 1, 2008.

---

[2] Plaintiff also seems to allege (Motion, paras. 4 and 5) that Defendant's failure to give consent for the filing of the Motion somehow also caused her to miss the filing deadline. However, Defendant's consent was sought four days after the time of the filing of the Opposition was due, and its response did not affect the filing of Plaintiff's Opposition at issue here.

The Opposition was obviously untimely under the Court's Rules. And while Plaintiff had moved for leave to file such an opposition on August 28, no grant of that request had occurred by September 1 (or to date). Accordingly, the Plaintiff's September 1 Opposition was an unauthorized filing, is not properly in the record of this action, and should be stricken.

## CONCLUSION

For the reasons stated herein, this Court should deny Plaintiff's Motion and strike Plaintiff's Opposition from the record, and should adopt the Magistrate Judge's Report and Recommendation to grant the Defendant's August 26, 2008, Motion to Deem Defendant's Motion to Dismiss for Failure to Prosecute.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
September 4, 2008                              Washington, D.C. 20001

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **D.A., a minor, by his mother** | : | |
| **and next friend,** | : | |
| **BERNICE RICHARDSON,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 07-1084 (PLF)/(JMF)** |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant.** | : | |

_____

## ORDER

Upon consideration of the Plaintiff's Motion for an Extension of Time to Respond to Defendant's Motion to Deem Defendant's August 8, 2008, Motion to Dismiss Conceded, the Oppositions and Replies thereto, it is, this _____ day of _____, 2008,

**ORDERED,** that Plaintiff's August 28, 2008, Motion is denied; and it is

**FURTHER ORDERED**, that Plaintiff's September 1, 2008, Opposition is stricken from the record; and it is

**FURTHER ORDERED**, that Defendant's August 26, 2008, Motion to Deem Defendant's Motion to Dismiss for Failure to Prosecute Conceded; and it is

**FURTHER ORDERED,** that this case is dismissed with prejudice.

_____
United States District Court Judge Friedman